IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JAMES TERRY**                                                                                         **PETITIONER**

**v.**                         **NO. 4:25-cv-00147-LPR-PSH**

**DEXTER PAYNE**                                                                                    **RESPONDENT**

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

In this case, filed pursuant to 28 U.S.C. 2254, petitioner James Terry ("Terry") challenges his 2022 Logan County Circuit Court convictions. His challenge is premised on claims of an illegal search and seizure, a lack of probable cause to support the issuance of two warrants, ineffective assistance of counsel, and an unlawful arrest that led to the discovery of evidence. It is recommended that this case be dismissed because the claims are procedurally barred from federal court review.

The events giving rise to Terry's trial and eventual convictions were summarized by the Arkansas Court of Appeals. The summary provides, in part, the following:

> On June 18, 2021, a team of officers conducted a search of Terry's home. The search stemmed from a different investigation concerning theft from the City of Booneville's street department garage. During that investigation, in plain sight on the kitchen table, officers found a white crystal substance that led the team to obtain a secondary search warrant for narcotics. Once the warrant was obtained, officers cleared Terry from the residence and began to search in his bedroom. There were several glass pipes of the type commonly used to smoke methamphetamine inside the bedroom as well as a set of digital scales, unused plastic bags, and used plastic bags containing particles of a white substance. All of the methamphetamine was found in plastic bags or heat-sealed bags. In total, over three pounds of methamphetamine was seized. Rifles were also found in the house and $16,078 in cash.

>        A three-day jury trial was held in August 2022. Prior to testimony and not in the presence of the jury, the court considered Terry's motion in limine to exclude certain evidence. Terry sought to exclude evidence submitted to the Arkansas State Crime Laboratory for testing because the crime lab tested only one of the items of evidence, which was a bag of 209.7 grams of methamphetamine. He sought to exclude eleven other plastic bags containing the substance as well as a digital scale and a purse that contained residue and held two plastic bags. Terry argued that the substances were found separate from each other throughout the house, and there was nothing tying all the evidence together. He contended that this required one to speculate as to whether it is the same substance as the one tested.
>
>        The court found that all the items were relevant under Arkansas Rules of Evidence 401, 402, and 403, especially as to the elements of the trafficking charge, and that any prejudice was outweighed by the probative value of the evidence. In denying the motion, the court also stated it is a credibility issue that Terry could address with the witnesses as it came up.

See Terry v. State, 2024 Ark. App. 130, 684 S.W.3d 653, 655–656 (2024). At the close of all the evidence, a jury convicted Terry of "one count each of trafficking a controlled substance, simultaneously possessing drugs and a firearm, maintaining a drug premises, possessing a firearm as a felon, and two counts of possessing drug paraphernalia." See id. at 655. "As a habitual offender, he received concurrent sentences totaling forty years' imprisonment," see id., and was sentenced to the custody of respondent Dexter Payne ("Payne").

Terry appealed his convictions and raised two claims. He first maintained that the state trial court abused its discretion when it denied his motion in limine to exclude certain evidence. Specifically, Terry maintained that the court erred when it allowed a witness to testify concerning the witness' "visual identification of [a] white powder as methamphetamine ..." See Terry v. State, 684 S.W.3d at 657. As Terry's second claim, he maintained that the evidence was insufficient to support his convictions. He supported the claim by alleging, in part, the following: "[T]here was no indication whether the jury convicted him on the untested controlled substances or the crime-lab submission that was tested," and "[a]dditionally, ... the crime lab never tested the drug-paraphernalia items." See id., 684 S.W.3d 653, 657. The state Court of Appeals found no reversible error and affirmed his convictions.

Payne represents, and the undersigned finds, that "Terry did not petition for discretionary review by the Arkansas Supreme Court and the appellate mandate issued on April 1, 2024." See Docket Entry 5 at CM/ECF 4. Payne also represents, and the undersigned also finds, that "[t]here is no indication of any subsequent post-conviction petition by Terry in state court, either pursuant to [Arkansas Rule of Criminal Procedure] 37.1 or otherwise." See id. at CM/ECF 4-5.

In February of 2025, Terry began this case by filing the petition at bar. In paragraph 12 A, B, C, and D of the petition, he advanced the following four claims:

> GROUND ONE: Illegal Search and Seizure.
>
> Supporting facts: On 6-18-21 Logan County law enforcement served a warrant on petitioner in search of stolen property that wasn't found, however, law enforcement obtained the knowledge of drugs thru the 1st warrant and obtained a 2nd warrant, an arrest warrant, so they could detain the petitioner and gather fruits of the poisonous tree. Both warrants were executed the same day. The fruits were used to convict petitioner.
>
> GROUND TWO: Lack of probable cause to obtain warrants.
>
> Supporting facts: They failed to locate any stolen property and used knowledge gathered to obtain a 2nd warrant, which led to the drugs and guns.
>
> GROUND THREE: Ineffective assistance of counsel.
>
> Supporting facts: 1) failed to move to suppress evidence of an illegal search; 2) failed to move to suppress petitioner's statement; 3) when he failed to move for a directed verdict at the close of [the] prosecution['s] case to preserve evidence on appeal; 4) failed to present evidence that the guns [were his] live-in [girlfriend's], not petitioner's; [5)] failed to present evidence that showed the sum of [$]16,078.00 was saved through legal means.
>
> GROUND FOUR: Conviction obtained by [the] use of evidence obtained pursuant to an unlawful arrest.

> Supporting facts: They used evidence obtained in [an] illegal search, which makes the arrest unlawful. They found no stolen tools, only illegally obtained drugs.

See Docket Entry 2 at CM/ECF 5.

Payne filed a response to Terry's petition. In the response, Payne maintained that the petition should be dismissed because Terry's claims are "inexcusably procedurally defaulted," see Docket Entry 5 at CM/ECF 6, and there is no reason for excusing the procedural default of his claims.

Terry was given an opportunity to file a reply and later sought, and obtained, an extension of time to file a reply. He failed, though, to subsequently file a reply, and the deadline for doing so has now passed.

"If a petitioner has not presented his habeas corpus claim to the state courts, the claim is generally defaulted." See Marcyniuk v. Payne, 39 F.4th 988, 997 (8th Cir. 2022) (internal citation and quotation marks omitted). A federal court will not consider a defaulted claim unless the petitioner can show cause and prejudice, see id., or that the failure to consider the claim will result in a fundamental miscarriage of justice, that is, "a constitutional violation has probably resulted in the conviction of one who is actually innocent," see McCall v. Benson, 114 F.3d 754, 758 (8th Cir. 1997) (internal quotation marks and citations omitted).

Here, Terry could have raised his first, second, and fourth claims—claims involving an illegal search and seizure, lack of probable cause to obtain warrants, and an unlawful arrest—in his direct appeal, but he failed to do so. He instead raised a claim challenging the state trial court's denial of a motion in limine to exclude certain evidence and a claim challenging the sufficiency of the evidence. Terry could have raised his third claim—an ineffective assistance of counsel claim—in a petition for state post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37, but he failed to do so. In fact, he never filed a Rule 37 petition. Because he had the opportunity to raise the four claims at bar in state court but failed to do so, he has procedurally defaulted the claims. The only question is whether his default can be excused.

Terry used a standard form for filing his petition. In paragraph 13 of the form, he was asked the following: "If any of the grounds listed in 12 A, B, C, and D were not previously presented in any other court, state or federal, state briefly what grounds were not so presented, and give your reasons for not presenting them." See Docket Entry 2 at CM/ECF 7. He did not answer the question. When given the opportunity to file a reply to Payne's response and explain why the claims at bar are not procedurally barred, Terry filed nothing.

In Terry's motion for an extension of time to file his reply, he maintained that he only recently obtained a thumb drive "which contained the criminal case for which [he] based his habeas corpus petition on." See Docket Entry 7 at CM/ECF 2. He represented that he had not had an opportunity to review the information on the thumb drive.

To the extent Terry's representation is tantamount to an offer of cause, it is unavailing. He knew, or should have known, of his four claims since at least the conclusion of his trial in August of 2022, and there is nothing to suggest that the state prevented him from discovering the factual bases of the claims.

Notwithstanding the foregoing, ineffective assistance of counsel can serve as cause for a procedural default. The use of ineffective assistance of counsel must first, though, be presented to the state courts as an independent Sixth Amendment claim. See Lane v. Kelley, No. 5:16-cv-00355-DPM-JTR, 2017 WL 5473925 (E.D. Ark. Nov. 14, 2017), report and recommendation adopted, No. 5:16-cv-00355-DPM, 2017 WL 6542748 (E.D. Ark. Dec. 21, 2017). Here, Terry never presented an ineffective assistance of counsel claim to the state courts as an independent Sixth Amendment claim, and he cannot now use ineffective assistance of counsel to establish cause for his default.

Payne correctly notes that Martinez v. Ryan, 566 U.S. 1 (2012), provides a means for excusing a procedural default when there is no counsel in an initial-review collateral proceeding. In that case, the United States Supreme Court held that ineffective assistance of post-conviction counsel may excuse the default of a substantial claim of ineffective assistance of counsel at trial.

The Martinez exception is of no benefit to Terry in this instance. "Federal district courts in Arkansas have consistently held that a habeas petitioner ... must, at a minimum, initiate a 'state collateral review proceeding' by filing a Rule 37 petition with the state trial court before he can rely on Martinez to excuse his procedural default." See Lane v. Kelley, 2017 WL 5473925, 4. Terry did not initiate a state collateral review proceeding by filing a Rule 37 petition and cannot now rely upon Martinez.

Alternatively, a showing of actual innocence can excuse a procedural default. The petitioner must show that a constitutional violation has probably resulted in the conviction of one who is actually innocent. See Schlup v. Delo, 513 U.S. 298 (1995). Terry has failed to make the requisite showing as he has not offered "new evidence that affirmatively demonstrates that he is innocent of the crime[s] for which he was convicted." See Abdi v. Hatch, 450 F.3d 334, 338 (2006).

9

Given the foregoing, the undersigned finds that Terry failed to give the state courts of Arkansas an opportunity to address the claims at bar. He cannot show cause for his procedural default, and he cannot show that a fundamental miscarriage of justice will occur if the claims are not considered. The claims are therefore procedurally barred from federal court review.

It is recommended that Terry's petition be dismissed, all requested relief be denied, and judgment be entered for Payne. In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a certificate of appealability should also be denied. Terry cannot make a "substantial showing of the denial of a constitutional right." See 28 U.S.C. 2253(c)(2).

DATED this 27th day of June, 2025.

_____
UNITED STATES MAGISTRATE JUDGE